UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TATE, | Case No. 2:22-cv-01012-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| A. LOMELI, *et al.*, | ECF No. 2 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) FILE AN AMENDED COMPLAINT; OR |
| | (2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED |
| | ECF No. 1 |
| | THIRTY-DAY DEADLINE |
| | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED |
| | ECF No. 3 |
| | OBJECTIONS DUE WITH FOURTEEN DAYS |

1

Plaintiff Derek Tate is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. His complaint identifies two defendants, Lomeli and Holems, but contains no allegations. Instead, plaintiff merely asks the court to consider several exhibits attached to the complaint. It is not apparent from reviewing the exhibits how defendants allegedly violated plaintiff's rights. I will give plaintiff an opportunity to file an amended complaint that sets forth his allegations. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, and will recommend that his motion for preliminary injunctive relief, ECF No. 3, be denied.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Analysis

Plaintiff brings this action against defendants Lomeli and Holems, alleging that they violated his "expectation of safety." ECF No. 1 at 1, 3. The complaint, however, contains no allegations and instead references several exhibits attached to the complaint. *See* ECF No. 1. It is not apparent from the exhibits, which relate to plaintiff's housing classification and transfer to a different prison, how defendants violated his rights. The documents make no mention of Holems and merely indicate that Lomeli was a correctional counselor involved in the decision to transfer plaintiff to a new facility. As drafted, I cannot discern the specific claims plaintiff is attempting to allege or the factual basis for any such claims.

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Plaintiff has also filed a motion for preliminary injunctive relief that seeks to prevent his transfer to California State Prison-Sacramento. ECF No. 3. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

1  Given that plaintiff's current complaint is deficient, he cannot show that he is likely succeed on
2  the merits.  I recommend that his motion for preliminary injunction be denied without prejudice.
3  　　　　Accordingly, it is ORDERED that:
4  　　　　1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.
5  　　　　2. Within thirty days from the service of this order, plaintiff must either file an amended
6  complaint or advise the court he wishes stand by his current complaint.  If he selects the latter
7  option, I will recommend that this action be dismissed.
8  　　　　3. Failure to comply with this order may result in the dismissal of this action.
9  　　　　4. The clerk's office is directed to send plaintiff a complaint form and assign a district
10 judge to this action.
11 　　　　Further, it is RECOMMENDED that plaintiff's motion for injunctive relief, ECF No. 3,
12 be denied.
13 　　　　I submit these findings and recommendations to the district judge under 28 U.S.C.
14 § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,
15 Eastern District of California.  The parties may, within 14 days of the service of the findings and
16 recommendations, file written objections to the findings and recommendations with the court.
17 Such objections should be captioned "Objections to Magistrate Judge's Findings and
18 Recommendations."  The district judge will review the findings and recommendations under 28
19 U.S.C. § 636(b)(1)(C).
20
21 IT IS SO ORDERED.
22
23 Dated:    June 30, 2022                        _____
                                                  JEREMY D. PETERSON
24                                                UNITED STATES MAGISTRATE JUDGE